# WHEELING.

## METZ'S ADM'R v. SNODGRASS.

### July 17, 1876.

1876.
June Term

In an action at law brought by B., adm'r of L. M., deceased, against S., to recover money, B. introduced J. M., a son and heir at law of the decedent, as a witness, before the jury, who in, and by, his evidence, testified to a personal transaction between the decedent and defendant, which tended to fix a liability on the defendant; and thereupon the defendant offered himself as a witness to testify in respect to said transaction, testified to by the said witness J. M., the son and heir at law of decedent,—HELD:

1. That the defendant was a competent witness to testify in his own behalf, as to said transaction between himself and the decedent, testified to by said heir at law.

2. When the objection is to the competency of the witness, and the objection is sustained, it is not necessary to state in the exception what the party opposing him expects to prove.

Appeal, by the defendant below, from a judgment of the circuit court of Marion county, rendered on the thirteenth day of December, 1871, in a cause therein pending, wherein Abraham P. Brookover, administrator of Leonard Metz, deceased, was plaintiff, and Ezekiel C. Snodgrass, defendant.

The other facts are fully stated in the opinion of the Court.

The Hon. Thomas W. Harrison, judge of said circuit court, presided at the trial below.

*A. Brooks Fleming* for the appellant.

*James Morrow, Jr.,* for the appellee.

HAYMOND, PRESIDENT:

This is an action of assumpsit, brought in the circuit court of Marion county, by plaintiff, as administrator of Leonard Metz, deceased, against Ezekiel C. Snodgrass. The declaration contains the common counts in assumpsit, framed as usual in a case of a personal representative sueing for money due him in his fiduciary capacity. With the declaration, there is an account filed, which claims from the defendant $128.33, as being received or collected from J. W. Clayton, in March, 1869, by defendant, belonging to the estate of the decedent. To the declaration, the defendant, plead non assumpsit, etc., on which issue was joined, and filed specifications and notice of setsoff. The cause was tried by jury, and the jury found for the plaintiff, and assessed his damages at $120., of which the plaintiff released $1.75, and the court rendered judgment in favor of plaintiff, against defendant for $118.25, with interest thereon from the thirteenth day of December, 1871, till paid, and costs of suit.

After the verdict of the jury, and judgment thereon, but on the same day, the defendant moved the court to set aside the verdict of the jury, and the judgment rendered thereon, and grant him a new trial, but the court overruled the motion, and the defendant took and filed as part of the record, the several bills of exceptions to the opinions of the court.

By the *first* bill of exceptions, it appears the plaintiff, to maintain the issue on his part, gave in evidence to the jury, the transcript of a judgment rendered by John W. Clayton, late a justice of the township of Mannington, in Marion county, by which said transcript it appears that Leonard Metz, deceased, use of E. C. Snodgrass against Edmund Talkington, recovered a judgement against said

Talkington for $90.88, with interest from December 2, 1861, and $1.75 costs, and that on the seventeenth day of March, 1869, said Snodgrass received from said justice Clayton $128.33 in full, of said claim, or judgment, and gave his receipt therefor. And that the plaintiff further to maintain the issue on his part, introduced a witness in his behalf, James Metz, a son of said Leonard Metz, deceased, and as such, an heir at law of his, who testified to the jury, that he was present with his father, the decedent, and the defendant, at Mannington, in the month of October, 1865, and there, and at that time, the decedent placed in the hands of said defendant, for collection, a certain note, or obligation, against one Morgan and Parish, for a sum of money exceeding $100, upon which there were some credits; that Edmund Talkington had something to do with the note, but he could not say what were his relations thereto; that he knew that this transaction occurred in the said month of October, 1865, and that on the day of said transaction, he left the county of Marion for his home in Calhoun county, in this State, and that his father, the decedent, left the said town of Mannington, before the witness, and that it was agreed by the decedent, that he would pay to the defendant, a fair compensation for collecting said note or obligation, and that he heard no other or further conversation respecting said transaction; and that the foregoing was all the evidence introduced, before the jury, to maintain the issue on his part. Thereupon the defendant, to maintain the issue on his part, was himself sworn, and in his own behalf testified to the jury, that $25 was a fair compensation for collecting said note or obligation; that he had great trouble, and was at considerable expense in collecting the money for which he receipted, as appears by said abstract from the docket of J. W. Clayton, justice; and further offered to introduce the said defendant, to give evidence in his own behalf, in respect to the said transaction testified to by the said heir at law of the decedent, concerning the said note or obligation, and the

·manner and way in which it came into and was placed in the hands of him, defendant, at the time and place aforesaid. But the attorney for the plaintiff objected, that the evidence so offered to be given by the defendant, was not admissible in law, upon the said issue, and moved the court to exclude the same from the jury. And the court decided that the evidence was inadmissible, and that the same should be excluded from the consideration of the jury. To which opinion of the court, the defendant excepted in due form.

By the *second* bill of exceptions, it appears that, after the jury had considered the evidence set out in *first* bill of exceptions, the jury returned into court, and rendered a verdict against the defendant for the amount hereinbefore stated, and that the plaintiff released to the defendant $1.75 thereof; whereupon the defendant moved the court to set aside the verdict, as amended, on the grounds that the verdict is erroneous, and is contrary to the law and the evidence; but the court overruled the motion, and rendered judgment on the verdict, as amended, and for costs, &c.

The *first* question to be determined is, did the court below err in refusing to allow the defendant to testify as a witness in his own behalf, in respect to the transaction testified to by James Metz, a son and heir at law of the decedent, as having occurred between the decedent and the defendant? The evidence of the said James Metz, as to said transaction, clearly tends to fix a liability on the defendant, and there is no other evidence in the cause which tends to fix such liability. The witness, James Metz, being the heir at law of the decedent, is *prima facie* interested in a recovery in the cause against the defendant. In fact, he may be entitled, for aught that appears in the cause, to the whole amount of the recovery. The plaintiff, who is the administrator of the decedent, having sought to fix a liability in the cause upon the evidence of the heir at law, who is, *prima facie*, inter-

1876.
June Term.

Metz's Admr.
v.
Snodgrass.

1876.
June Term.

Metz's Admr.
v.
Snodgrass.

ested in the cause of action, or recovery, against the defendant, it is my opinion, on full consideration of the twenty-second and twenty-third sections of chapter one hundred and thirty of the Code of this State, and considering the whole together, that, according to the spirit of the whole of said sections, and the true intent and meaning thereof, that the circuit court erred in refusing to permit the defendant to testify in his own behalf in respect to the said transaction testified to by the said son and heir at law of the decedent, which tended to fix a liability on the defendant. The defendant was entitled to testify before the jury, in respect to the transaction testified to by said heir at law, but not as to any other transaction, had personally with the decedent. The objection made to the defendant testifying in respect to said transaction, was as to his competency. It does not appear in the bill of exceptions what was proposed to be proved by the defendant touching said transaction. But in *Martz's Exor. v. Martz's Heirs*, 25 Gratt., 361, it was *held* that when the objection is to the competency of the witness, and the objection is sustained, it is not necessary to state, in the exception, what the party offering him expects to prove.

In rendering this opinion, as to the competency of the defendant as a witness to testify in his own behalf in respect to the said transaction, testified by the said heir at law, I do not mean, or intend to express, any opinion as to the construction of said twenty-second and twenty-third sections of said chapter of the Code of this State, beyond what I have above stated. I am free to say, that the first and second clauses of said twenty-third section are difficult of interpretation, and especially the second clause, owing to the language employed. The section, with the exceptions mentioned in the first and second clauses, is supposed to have been copied from the laws of New York, but, on comparing the same, it will be seen there is a difference in important particulars. The difference, I

think, arises principally in an attempt on the part of our Legislature to abbreviate. I think it would be wise to amend the sections.

1876.
June Term.

Metz's Admr.
v.
Snodgrass.

Having determined that the circuit court erred, as above stated, it is unnecessary and immaterial to inquire or determine further in the case at this time.

For the reasons above, stated, the judgment of the circuit court, rendered in this cause, must be reversed and annulled, and the plaintiff in error recover against the defendant in error, his costs in this court, in this cause, expended—to be levied upon the effects of said decedent, which came into the hands of the defendant in error to be administered; and this court proceeding to render such judgment, as the said circuit court should have rendered, it is considered that the verdict of the jury, rendered in the cause, be set aside, and a new trial awarded therein, the costs of the former trial to abide the event of the suit, and this cause is remanded to the circuit court of the county of Marion, for further proceedings to be had therein, according to law.

Moore and Green, Judges, concurred.

JUDGMENT REVERSED, VERDICT SET ASIDE, AND NEW TRIAL AWARDED.